UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-01462 DMG (RNBx)** | Date | March 5, 2013 |
|---|---|---|---|

| Title | ***Bank of America, N.A. v. Joshiwa R. Clements*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT – JS-6**

On December 21, 2012, Plaintiff Bank of America, N.A. ("BANA") filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Joshiwa R. Clements. [Doc. # 1, Ex. 1]. The Complaint alleges that Plaintiff acquired title to the property where Defendant resides following foreclosure proceedings on or about November 21, 2012. (Compl. ¶ 6, Ex. A.) On December 11, 2012, Plaintiff caused to be served on Defendant a three-day notice to quit, but Defendant has failed to deliver possession of the property to date. (*Id.* at ¶¶ 8-10, Ex. B.)

Defendant filed a Notice of Removal on February 28, 2013 pursuant to 28 U.S.C. § 1443 arguing that the unlawful detainer action was carried out in violation of due process and equal protection [Doc. #1]. The Complaint, however, raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). Defendant additionally asserts that the Court has jurisdiction under 28 U.S.C. § 1334(b), but that Section applies only to cases arising under the Bankruptcy Code, and there is no allegation of bankruptcy here. Additionally, it appears that removal was untimely because Defendant waited more than 30 days to file the Notice of Removal. *See* 28 U.S.C. § 1446(b).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-01462 DMG (RNBx) | Date | March 5, 2013 |
| Title | Bank of America, N.A. v. Joshiwa R. Clements | Page | 2 of 2 |

    Because Defendant has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |